IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00156-MSK-MEH

NORMAN SHAW, JR.,

    Plaintiff,

v.

DR. ALLRED, USP Florence,

    Defendant.

---

**ORDER GRANTING MOTION TO STAY**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant's Motion to Stay Discovery [filed July 9, 2010; docket #31]. The matter has been referred to this Court for disposition [docket #32]. Oral argument would not materially assist the Court in adjudicating this motion. For the following reasons, Defendant's motion is **granted**.

**I.**    **Background**

Plaintiff instituted this action on January 25, 2010. In essence, Plaintiff alleges that Defendant discriminated against him by not granting Plaintiff permission to have a low bunk bed in his cell based upon Plaintiff's back problems. *See* Complaint, docket #3, at 4. On July 6, 2010, the Defendant responded to the Complaint by filing an Amended Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See* docket #30. The following day, Defendant filed the present Motion to Stay Discovery, asserting that, "[u]ntil the threshold issue [of qualified immunity] is resolved, 'discovery should not be allowed.'" *See* docket #31 at ¶ 3.

**II.**    **Discussion**

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.' " *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

In this case, Defendant has filed a motion to dismiss the claims raised in Plaintiff's Complaint alleging, among other defenses, that the individual Defendant enjoys qualified immunity from the Plaintiff's claims. The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because Defendant's motion raises a legal question of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. Moreover, the Court finds that allowing discovery to continue in this matter against the government Defendant would not serve the interests of judicial economy and efficiency. Consequently, the Court will grant a temporary stay of the proceedings in this matter pending the disposition of the Motion to Dismiss.

**III. Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Stay Discovery [filed July 9, 2010; docket #31] is **granted**. The proceedings of this case are hereby stayed pending the District Court's ruling on Defendant's Motion to Dismiss. The parties are directed to submit a status report within five days of the entry of any order adjudicating the

pending Motion to Dismiss.

Dated at Denver, Colorado, this 12th day of July, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge