IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00156-MSK-MEH

NORMAN SHAW JR.,

        Plaintiff,

v.

DR. ALLRED, USP Florence,

        Defendant.

## OPINION AND ORDER GRANTING MOTION TO DISMISS

**THIS MATTER** comes before the Court pursuant to Defendant Allred's Motion to Dismiss **(# 29,** as supplemented **# 30)**, Mr. Shaw's response **(# 35)**, and Mr. Allred's reply **(# 36)**.

According to the Complaint **(# 3)**, Dr. Shaw is an inmate in the custody of the Federal Bureau of Prisons ("BOP"). He alleges that he suffers from lumboscral back strain, and has been awarded a 40% disability rating by the U.S. Veterans' Administration as a result. He contends that, in August 2009, he was seen by Dr. Allred[1] in the prison medical clinic. Mr. Shaw

---

[1] Initially, Mr. Shaw also named Charlie Kudlauskas and Nurse Grismer, clinic officials at a BOP facility in Oklahoma where Mr. Shaw was previously housed, as additional Defendants. By Order **(# 10)** dated March 30, 2010, Senior Judge Wienshienk dismissed any claims against Mr. Kudlauskas and Nurse Grismer, finding that the District of Colorado was an improper venue for those claims. Although this Court does not address the reasoning of that decision, it observes that the analysis herein would apply with equal force to any viable claims asserted against Mr. Kudlauskas and Nurse Grismer, and thus would result in dismissal of those claims on their merits.

requested that he be issued a "low bunk pass" (entitling him to the bottom bunk of a cell's bunk beds), but that Dr. Allred refused, stating that "everybody wants one." Mr. Shaw contends that Dr. Allred did not attempt to diagnose Mr. Shaw's condition nor address Mr. Shaw's observation that there were no ladders or other devices to assist him in climbing onto an upper bunk. Mr. Shaw notes that medical clinic officials at other BOP institutions had issued him lower bunk passes.

Mr. Shaw's *pro se* Complaint purports to assert a claim for "discrimination against a person with a medical disability," and expressly invokes the Americans With Disabilities Act ("ADA"), 42 U.SC. § 12131 *et sq.*, and the 5th, 8th, and 14th Amendment to the United States Constitution. The form on which Mr. Shaw files his action indicates that, as a federal prisoner, his claim is premised on *Bivens v. Six Unkown Named Agents*, 403 U.S. 388 (1971).

Dr. Allred moves **(# 29, 30)** to dismiss the claims against him, alleging: (i) Mr. Shaw's claims are barred by 42 U.S.C. § 1997e(a), in that he failed to exhaust available administrative remedies prior to filing suit; (ii) Mr. Shaw fails to state any cognizable claim under *Bivens*; (iii) Mr. Shaw fails to state a claim under the ADA: (iv) Dr. Allred is entitled to qualified immunity on any cognizable claims because the alleged constitutional right being infringed was not clearly established; and (v) Mr. Shaw has failed to make periodic payments towards his filing fee.

In considering the Mr. Shaw's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Shaw of the duty to comply with

the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Mr. Shaw according to the same standard as counsel licensed to practice law before the bar of this Court.  *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Although Dr. Allred has raised a number of bases for dismissal of the Complaint, this Court will resolve the matter by directly addressing the substantive sufficiency of Mr. Shaw's claims.  Turning first to Mr. Shaw's contention that Dr. Allred's refusal to issue him a bottom bunk pass constitutes "discrimination" under the ADA, to adequately allege such a claim, Mr. Shaw must plead facts showing that: (i) he was "otherwise qualified," as that term is defined in the ADA, for the bottom bunk pass, and (ii) that he was denied the bunk pass "solely by reason of disability."  *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005). The ADA discrimination paradigm is particularly ill-suited for claims challenging the sufficiency of medical treatment that was provided for a person with a disabling condition, as such challenges do not fit neatly within the notions of "otherwise qualified" individuals and decisions "solely by reason of disability."  *Id.*  As a result, courts routinely recognize that the ADA does not provide a remedy for medical negligence or inadequate medical treatment.  *Id.* Rather, "purely medical decisions . . . do not ordinarily fall within the scope of the ADA."  *Id.*

The reasoning in *Fitzgerald*, where an inmate brought ADA claims based on allegedly inadequate prison medical treatment, is equally applicable here.  At bottom, Mr. Shaw's complaint is that he did not receive a certain type of medical treatment – in this case, a prescription for a bottom bunk.  As a result, Mr. Shaw cannot challenge the insufficiency of the medical treatment he received through the ADA.  To hold otherwise would inappropriately

expand the scope of the ADA: many patients who seek medical care in the prison system could be said to suffer from disabilities under the ADA, and decisions by doctors to prescribe or withhold treatment for those disabilities should always be made "solely by reason of" the nature and extent of that disability. Thus, most disputes over prison medical care would be cognizable under the ADA. This is certainly not the intent of Congress in enacting the statute and, as cases like *Fitzgerald* indicate, not the way in which the ADA is applied by the Courts. Because Mr. Shaw's complaint is one that, at its heart, challenges the sufficiency of medical treatment he received, it fails to state a claim for disability discrimination under the ADA.

Mr. Shaw also purports to allege his claim under the 8th Amendment. To adequately plead an 8th Amendment claim sounding in deliberate indifference to an inmate's medical needs, the inmate must plead facts showing: (i) that he suffered from an objectively-ascertainable serious medical need; and (ii) that Dr. Allred subjectively knew that a failure to treat Mr. Shaw's condition would expose Mr. Shaw to a substantial risk of harm but that Dr. Allred consciously chose to disregard that risk. *See e.g. Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir.2006). A "mere difference of opinion" between the medical provider and the inmate as to what constitutes appropriate treatment for the condition does not give rise to a claim, and even negligent treatment by the provider is insufficient to give rise to constitutional liability. *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).

Here, assuming that Mr. Shaw's back condition constitutes a "serious medical need" sufficient to satisfy the first element, Mr. Shaw has failed to plead facts sufficient to show Dr. Allred's culpable state of mind under the second element. Mr. Shaw alleges that he broached the subject of the bottom bunk pass with Dr. Allred during his "chronic care appointment." Mr.

Shaw has attached exhibits to his Complaint, including the BOP's response to his internal grievance which states, in part, that Mr. Shaw is "being followed in the chronic care clinic" and has "been prescribed medication for your complaint of pain and have also received fitness counseling." Thus, Mr. Shaw's own Complaint indicates that he is receiving a variety of treatments and ongoing medical evaluation for his back condition, even if the medical staff has determined that he "do[es] not meet the criteria for a lower bunk." It is clear that Mr. Shaw's claim is not that Dr. Allred is disregarding his back condition altogether, but rather, that Dr. Allred is not providing the type of medical care for the condition that Mr. Shaw believes is appropriate. At most, this is simply a dispute between Mr. Shaw and Dr. Allred as to the necessity of particular treatment and, as explained above, is insufficient to give rise to an 8th Amendment claim.

The Court has considered other possible claims that could be asserted by Mr. Shaw under the facts set forth herein, and has concluded that Mr. Shaw cannot state a cognizable claim under those facts. Accordingly, Dr. Allred's Motion to Dismiss **(# 29,** as supplemented **# 30)** is **GRANTED**. The Complaint **(# 3)** is **DISMISSED** for failure to state a claim, and the Clerk of the Court shall close this case.

Dated this 14th day of February, 2011

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge

5